Dear Judge Schrumpf:
This office is in receipt of your opinion request wherein you made the following inquiry:
1) Can Sulphur City Court exercise jurisdiction over juvenile matters?
Both the Louisiana Constitution[1] and the Louisiana Children's Code[2] expressly provide for the administration of jurisdiction over juvenile matters. Generally, district, parish, or city courts[3] will have jurisdiction over juvenile matters, unless a special juvenile court has been created by law. In that case, the juvenile court, which has been created, has exclusive jurisdiction over matters involving juveniles. Article 302(1) of the Children's Code expressly recognizes only four such juvenile courts[4] that have been created.
La. R.S. 13:587, Juvenile and Domestic Relations Division, is of particular concern regarding this issue because it states in part that the judges of the Fourteenth Judicial District Court may designate and assign to one or more divisions of the court any or all types of juvenile matters of which the court has jurisdiction. This statute, however, does not expressly or implicitly designate the creation of a juvenile court such as those mentioned in La. Ch. C. 302(1) within Calcasieu Parish. *Page 2 
It is the opinion of this office that Sulphur City Court has not been divested of jurisdiction over juvenile matters by La. R.S. 13:587.
The Louisiana Constitution and the Louisiana Children's Code expressly vest jurisdiction with city courts, unless a juvenile court has been created by law. No such court has been created in Calcasieu Parish. The only parishes for which the legislature has granted permission to create juvenile courts are Caddo, Orleans, Jefferson, and East Baton Rouge, as expressly evidenced by La. Ch. C. art. 302(1).
In conclusion, it is the opinion of this office that district, parish, or city courts outside of the territorial jurisdiction of Caddo, Orleans, Jefferson, and East Baton Rouge Parishes have authority to exercise jurisdiction over juvenile matters within its respective jurisdiction.
It is our continuing desire to lend aid to the public servants of the state such as yourself, Judge Schrumpf, and we pray that the foregoing Opinion has been responsive to your question, of value, and helpful.
 Very truly yours,
 CHARLES C. FOTI, JR
 Attorney General
 BY:________________________________
 MOLLY L. BALFOUR
 Assistant Attorney General
[1] Louisiana Constitution of 1921: La. Const. art. 7. § 51; La Const. art. 7. § 52; Louisiana Constitution of 1974: La. Const. art. 5, § 15.
[2] La. Ch. C. art. 302.
[3] City and district courts have concurrent jurisdiction, meaning jurisdiction can be exercised simultaneously by more than one court over the same subject matter.
[4] Caddo, Orleans, Jefferson, and East Baton Rouge Parishes.